IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JENNIFER TOMMEY, individually,**
**and on behalf of a class of others**
**similarly situated,**

        **Plaintiffs,**

v.

        Civil Action

        No. 11-2214-EFM-GLR

**COMPUTER SCIENCES CORPORATION,**

        **Defendant.**

**MEMORANDUM AND ORDER**

In their first amended complaint alleging violations of the Fair Labor Standards Act of 1938 (FLSA), Plaintiffs assert that Defendant failed to pay wages for all regular and overtime hours worked.[1] Before the Court is an Amended Motion for Leave to File Second Amended Complaint (ECF No. 21). Plaintiffs seek to add claims of unjust enrichment (Count II), quantum meruit (Count IV), breach of contract (Count V), and violations of the Kansas Wage Payment Act (KWPA), K.S.A. 44-301, (Count III).[2] Defendant opposes the addition of Counts II, IV, and V on grounds of futility. For the reasons set out below, the motion is granted.

**I.  Procedural History**

On behalf of herself and others similarly situated, Plaintiff Jennifer Tommey filed a class action complaint against Defendant in April 2011 alleging violations of the FLSA and asserting

---

[1] *See* First Am. Compl. (ECF No. 4). Given the class-action allegations, the Court will generally use the plural "Plaintiffs."

[2] *See* ECF No. 21-1 (attached proposed Second Am. Compl.).

claims of unjust enrichment and quantum meruit.[3] Two months later, before Defendant appeared in this action, Tommey filed an amended complaint that dropped the non-FLSA claims.[4] In July 2011, Defendant denied any FLSA violations in its answer to the amended complaint.[5]

By order dated October 6, 2011, the Court set a January 15, 2012 deadline for joining additional parties or otherwise amending the pleadings.[6] It also set a deadline for moving to dismiss for failure to state a claim – thirty days after filing any amended complaint.[7] On October 13, 2011, Plaintiffs filed the instant motion to amend. Defendant opposes the motion. The motion is fully briefed and ready for ruling.

## II. Legal Standard Applicable to Motion for Leave to Amend

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[8] Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[9] Courts "should freely give leave

---

[3] *See* Compl. (ECF No. 1).

[4] *See* Am. Compl. (ECF No. 4).

[5] *See* Answer (ECF No. 12).

[6] *See* Scheduling Order (ECF No. 19).

[7] *See id.*

[8] Fed. R. Civ. P. 15(a)(1).

[9] Fed. R. Civ. P. 15(a)(2).

when justice so requires."[10] Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[11]

Courts may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[12] "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[13] In fact, the prejudice factor is the "most important" consideration in the decision.[14] Typically, courts "find prejudice only when the amendment unfairly affects" a party's ability to prosecute or defend the lawsuit.[15] This most often occurs when the amendment "raise[s] significant new factual issues" or arises from a different theory or subject matter than previously asserted.[16] To justify denying

---

[10] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[12] *Id.* (quoting *Foman,* 371 U.S. at 182).

[13] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[14] *Minter*, 451 F.3d at 1207.

[15] *Id.* at 1208.

[16] *Id.*; *accord Acker v. Burlington N. & Santa Fe R. Co.,* 215 F.R.D. 645, 654 (D. Kan. 2003) (stating that prejudice means undue difficulty in prosecuting or defending a lawsuit due to "a change of tactics or theories on the part of the other party") (quoting *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001)).

3

leave to amend, the proposed amendment must "work an injustice" to an opposing party.[17] The party opposing the amendment has the burden to show a basis for denial.[18]

Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[19] "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[20]

### III. Analysis

Plaintiffs argue that their proposed amendment satisfies the liberal amendment policy of Fed. R. Civ. P. 15(a).[21] Defendant, on the other hand, argues that the FLSA claim precludes or preempts the claims of unjust enrichment, quantum meruit, and breach of contract.[22] It thus characterizes those claims as futile.[23] In reply to the futility argument, Plaintiffs first argue that the Court should allow their proposed amended complaint. because Defendant presents no basis for excluding their KWPA claim.[24] They next argue that (1) the FLSA does not provide an adequate remedy for unpaid time

---

[17] *United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[18] *See, e.g.*, *Acker,* 215 F.R.D. at 654 (prejudice); *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010) (futility).

[19] *See Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter*, 451 F.3d at 1204.

[20] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[21] Am. Mot. Leave File Second Am. Compl. (ECF No. 21) at 2-3.

[22] Def.'s Mem. Opp'n Pl.'s Am. Mot. Leave (ECF No. 24) at 2.

[23] *Id.* at 2-6.

[24] Pl.'s Reply Mem. (ECF No. 26) at 3.

that occurs in weeks where an employee works less than forty hours – commonly referred to as "gap time" and (2) Defendant has not established that the FLSA preempts or precludes equitable or breach-of-contract claims.[25]

Defendant opposes the proposed amendment solely on grounds that three of four new claims added by the amendment are allegedly futile, because they are subject to dismissal under Fed. R. Civ. P. 12(b)(6).[26] But for at least three decades, the Tenth Circuit has recognized that the futility-of-amendment exception to freely granting leave to amend applies when the "complaint, as amended, would be subject to dismissal."[27] By not arguing futility of amendment with respect to the KWPA claim, Defendant has essentially conceded that the proposed amended complaint does not simply add new claims that are subject to dismissal. For that reason alone, the Court could find that Defendant has not carried its burden to show that the complaint, as amended, is subject to dismissal. The addition of the KWPA claim simply precludes a finding the proposed amendment futile.

In some circumstances, it may be preferable for the Court to consider the futility of a pro-

---

[25] *See id.* at 3-9.

[26] Defendant does not suggest that Plaintiffs have engaged in flagrant abuse or bad faith by seeking to add their new claims. It does not contend that there has been any inordinate or unexplained delay. Nor does it argue that it would be prejudiced by the proposed amendment. Under the facts before it, the Court indeed sees no legitimate basis for opposing the proposed amendment on any of these bases. Plaintiff, moved to file its second amended complaint just a week after the Court issued its scheduling order in early October 2011, and about three months before the deadline for filing such a motion. The deadline for motions to dismiss currently runs thirty days after the filing of any amendment. At this early stage of the litigation, that deadline eliminates any potential prejudice to Defendant from the filing of the proposed amendment.

[27] *See, e.g.*, *Hill v. City of Okla. City*, No. 11-6088, 2011 WL 4059198, at *2 (10th Cir. Sept. 14, 2011); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006); *TV Commc'ns Network, Inc. v. Turner Network Television*, 964 F.2d 1022, 1028 (10th Cir. 1992); *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir. 1980) (relying on *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1969), which in turn relied on *Foman*).

posed amendment on a claim-by-claim basis. But when the party opposing an amendment only relies on futility of amendment and the deadline for filing motions to dismiss has not passed, the Court may properly exercise its discretion to simply allow the entire amended complaint. This is especially prudent when the party opposing the amendment has failed to challenge all new claims as futile. Upon the filing of the amended complaint, Defendant would have an opportunity under Fed. R. Civ. P. 12(b)(6) to seek dismissal of the claims alleged to be futile. Allowing the filing of an amended complaint in these circumstances comports with the liberal amendment policy of Fed. R. Civ. P. 15(a) without prejudicing the party opposing the amendment. At this early stage of the litigation, it is the better course to allow Plaintiffs to file their second amended complaint and decide the legal sufficiency of the allegedly futile, new claims on a properly filed motion to dismiss.

**IT IS THEREFORE ORDERED** that the Amended Motion for Leave to File Second Amended Complaint (ECF No. 21) filed by Plaintiffs is granted, as set forth herein. Plaintiffs shall electronically file their Second Amended Complaint forthwith. Given the current thirty-day deadline for filing motions to dismiss, the Court, in accordance with Fed. R. Civ. P. 15(a)(3), hereby extends Defendant's time to answer or otherwise respond to the Second Amended Complaint to thirty days from the date Plaintiffs file and serve the Second Amended Complaint.

Dated in Kansas City, Kansas on this 28th day of February, 2012.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge