IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| JENNIFER TOMMEY )<br>)<br>)<br>On Behalf of Herself and )<br>All Others Similarly Situated, )<br>)<br>Plaintiff; )<br>)<br>vs. )<br>)<br>COMPUTER SCIENCES CORPORATION )<br>)<br>Defendant. ) | Case No.   11-CV-2214 EFM/GLR<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT**
Collective Action Under the FLSA and Wage-Related
Class Claims Pursuant to Fed. R. Civ. P. 23

**COME NOW** Jennifer Tommey, on behalf of herself, and all others similarly situated, by and through counsel, and hereby sets forth her individual and representative claims for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) and her individual and representative wage-related class claims pursuant to Fed. R. Civ. P. 23, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant Computer Sciences Corporation, (hereinafter "CSC" or "Defendant") for unpaid overtime compensation and related penalties and damages. CSC predominantly provides IT services in the following areas: systems integration and professional services; enterprise application development and management; application software for the financial services industry; business process outsourcing; managed hosting services; and application

and IT infrastructure outsourcing. CSC's consulting and professional services include advising clients on the acquisition and utilization of IT and on business strategy, security, modeling, simulation, engineering, operations, change management and business process re-engineering. CSC serves Fortune Global 1000 companies in fifteen industries and national and local governments. Defendant's practice and policy is to willfully fail and refuse to properly pay straight time and overtime compensation due Plaintiff, and all other similarly situated employees, who work in Defendant's facility.

2. At all times herein pertinent, Defendant's non-exempt employees were and are required to arrive at work prior to the start of each shift to perform work and to stay late after each shift to perform work. Defendant failed and fails to compensate these employees for this time. Doing so denies such non-exempt employees compensation for all work performed and overtime pay and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and gives rise to wage-related class claims pursuant to Fed. R. Civ. P. 23.

3. Defendant's practices are in direct violation of the FLSA and provide the basis for wage-related class claims pursuant to Fed. R. Civ. P. 23 and Plaintiff seeks compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**PARTIES**

4. Plaintiff Jennifer Tommey currently resides in the state of Missouri. Plaintiff was

employed by Defendant at a business located in Overland Park, Kansas. Others similarly situated for the purposes of this collective and/or class action, also work and/or worked at Defendant's locations in Kansas, and throughout the United States, as non-exempt employees.

5. Plaintiff Tommey was hired by the Defendant in March 2009 to work in the position of Account Services Assistant and other account service positions.

6. Defendant is a Nevada Corporation doing business in the State of Kansas and throughout the United States, with its principal place of business in Falls Church, Virginia. Among other operations centers, Defendant operates a call center and processing center in Overland Park, Kansas.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

8. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business within this District.

9. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in part in the District of Kansas. Venue is also proper under 29 U.S.C. §1132(e)(2) because

        Defendant has substantial business contacts within the District of Kansas.

11. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed "employee[s]," including the putative representative action plaintiff and those persons situated similarly to the Plaintiff as described herein. At all relevant times, Plaintiff and the other members of the class were engaged in commerce and/or worked for Defendant, which was an enterprise engaged in commerce. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ALLEGATIONS

12. Plaintiff held the positions of Account Service Assistant.

13. Plaintiff and other similarly situated hourly non-exempt employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs.

14. Plaintiff and other similarly situated hourly non-exempt plant employees were required to perform pre-shift and post-shift activities integral to their job before the start of their shift, and after the end of their scheduled shift. Defendant failed and fails to compensate employees for this time.

15. Such work is integral and indispensable part of the principle activities of Plaintiff's job.

16. Said work causes Plaintiff to work in excess of forty (40) hours per week.

17. Plaintiff was not properly compensated for this work at the applicable rate of pay.

18. The Defendant employs/employed other employees situated similarly to the Plaintiff, who, like the Plaintiff, are/were required to perform work in excess of forty (40) hours per week.

19. Plaintiff and the other similarly situated hourly non-exempt employees were improperly compensated under the FLSA, applicable state wage statutes, including without limitation K.S.A. 44-301, et seq., and common law.  All such other employees are hereinafter referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

20. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

21. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

22. All similarly situated employees working for Defendant are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job.

23. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work without compensation as an integral and indispensable part of the principle activities of performing their job.   In turn, these practices deny similarly situated employees their overtime compensation.

24. The quantum meruit claims are brought against Defendant under Rule 23 of the

Federal Rules of Civil Procedure as a nation-wide class action. The Class in said class action consists of all current and former hourly employees who were required to perform pre- and post-shift work without compensation and who have worked for Defendant at any time during the last ten years. Plaintiff, on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

25. The unjust enrichment claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a nation-wide class action. The Class in said class action consists of all current and former hourly employees who were required to perform pre- and post-shift work without compensation and who have worked for Defendant at any time during the last ten years. Plaintiff, on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

26. The Breach of Contract claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a nation-wide class action. The Class in said class action consists of all current and former hourly employees who were required to perform pre- and post-shift work without compensation and who have worked for Defendant at any time during the last five years. Plaintiff, on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

27. The Kansas Wage Payment Act claims (K.S.A.44-301, *et seq.*) are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Kansas state-wide class action consisting of all current and former hourly employees who

were required to perform pre- and post-shift work without compensation and who have worked for Defendant within the State of Kansas at any time during the last two years. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

28. Plaintiff brings Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practices of requiring unrecorded work without pay, as well as failing to pay Plaintiff and other similarly situated employees for all overtime hours worked. The class for the FLSA claims is defined as:

> All current and former hourly non-exempt employees of Defendant who performed pre- and/or post-shift work without compensation at any time during the last three years.

29. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

30. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record hours worked by the Plaintiff and by other similarly situated employees and Defendant's practice of failing to pay Plaintiff and other similarly situated employees for all hours worked at a proper, legal rate, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the

pendency of this action.

31. Plaintiff brings Count II (unjust enrichment), Count III (K.S.A. 44-301, *et seq.*), Count IV (Quantum Meruit), and Count V (Breach of Contract), as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of requiring unrecorded and unpaid work and failing to pay Plaintiff and other similarly situated employees for overtime hours worked. The Rule 23 classes are each defined as:

> All current and former hourly non-exempt employees who were employed by the Defendant during the past five years and who performed work without proper compensation.

32. Plaintiff's state law claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

33. The Rule 23 classes satisfy the numerosity standards on the good faith belief that each class will number over one-thousand. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

34. There are questions of fact and law common to the classes, between classes and within each class, which predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

    a. Whether class members were compensated for time spent performing work-related tasks;

    b. Whether Defendant's compensation policies and practices properly (if at

    all) account for the time class members were actually working;

  c. Whether Defendant knew or had reason to know such policies and compensation practices were unlawful, and

  d. Whether Defendant retained a benefit from such unlawful policies and compensation practices.

35. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

36. The claims of Plaintiff are typical of those of each Class in that class members have been employed paid pursuant to the same compensation structure as the Plaintiff acting as putative Class Representative and were subject to the same or similar unlawful practices as the Plaintiff acting as putative Class Representative.

37. A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

38. The Plaintiff, acting as putative Class Representative, is an adequate representative of the classes because her interests do not conflict with the interests of the members of the classes she seeks to represent.  The interests of the members of the classes will be fairly and adequately protected by the Plaintiff acting as Class

{174152.DOCX }

Representative and her undersigned counsel, who has experience in employment and class action lawsuits.

39. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I – FLSA CLAIM

40. Plaintiff incorporates the foregoing paragraphs 1 through and including 39 as if fully set forth herein.

41. Plaintiff was employed by the Defendant at the Defendant's Overland Park, Kansas facility.

42. At this facility, Plaintiff was required to perform work both before and after her work shift as an integral and indispensable part of the principle activities of performing her job.

43. Said work often caused Plaintiff to work in excess of forty (40) hours per week.

44. Plaintiff was not properly compensated for this work at the applicable rate of pay.

45. Plaintiff was treated as non-exempt employees by the Defendant under the FSLA.

46. Like the Plaintiff, the Defendant employs/employed other employees at its facility(ies) who are/were required to perform work both before and after their work shifts as an integral and indispensable part of the principle activities of

performing their jobs and were treated as non-exempt employees under the FLSA. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

47. Said pre- and post-shift work often caused "similarly situated" employees to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

48. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

49. All similarly situated employees working for Defendant are similarly situated in that they all are required to perform work both before and after their work shift as an integral and indispensable part of the principle activities of performing their job.

50. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work both before and after their shifts as an integral and indispensable part of the principle activities of performing their job. In turn, this denies similarly situated facility employees their overtime compensation.

51. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires the Plaintiff and those similarly situated to her to perform pre- and post-shift work without compensation.

52. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b)

of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within three years from the commencement of this action who have not been compensated for their time, who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week and whose hours worked have not been accurately recorded and maintained by Defendant so as to avoid such compensation as aforesaid.

53. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because her claims are similar to the claims of the putative class members .

54. The names and addresses of the putative class members are available from Defendant.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques (including and a form of notice) similar to those customarily used in representative and collective actions.

55. The Defendant failed to compensate Plaintiff and the putative class members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

56. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

57. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant

who compose the putative class, seeks damages in the amount of all respective unpaid straight time plus overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

58. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose putative class , seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

   a.  Designation of this action as a collective action on behalf of the proposed putative class members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

   b.  Designation of Plaintiff Tommey as Representative Plaintiff, acting for and on behalf of the putative class members;

   c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

   d.  An award of damages for heretofore unpaid straight and overtime compensation due for the Plaintiff and the putative representative action

        Plaintiff, including liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II – UNJUST ENRICHMENT

59. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 58 of this Complaint as though fully set forth herein.

60. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees.  Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

61. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week.  Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees.  Such wrongful conduct demonstrates bad faith on the part of Defendant.

62. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

    **WHEREFORE**, Plaintiff, individually and on behalf of the class of individuals

whom she represents, prays for judgment against Defendant on Count II of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

### COUNT III - FAILURE TO PAY EARNED WAGES AND OVERTIME
(K.S.A. 44-301, *et seq.*)

63. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 62 of this Complaint as though fully set forth herein.

64. At all times material herein, Plaintiff and other similarly situated employees who were employed by Defendant within the State of Kansas have been entitled to the rights, protections, and benefits provided under the Kansas Wage Payment Act.

65. K.S.A. § 44-314 regulates the payment of wages and overtime compensation by Kansas employers.

66. Defendant is subject to the pay requirements of K.S.A. § 44-314 because it is an employer in the state of Kansas under K.S.A. § 44-313(a) and Plaintiff and other similarly situated employees of Defendant are employees under K.S.A. 44-313(b).

67. Defendant violated K.S.A. §44-315 by failing to properly pay employees for all hours worked and by failing to pay employees for overtime, due in part to Defendant's failure to accurately and properly record and maintain records of time worked by said employees.

68. Plaintiff and all similarly situated Kansas employees are victims of an unlawful entity-wide compensation policy which was applied in the State of Kansas, as elsewhere in the United States. Defendant continues to apply and enforce this

        policy in the State of Kansas and thereby continues to violate K.S.A. 44-315.

69. Plaintiff and all similarly situated employees are entitled to damages equal to the amount of unpaid wages for unrecorded and unpaid time-worked and for overtime premium pay within the two years preceding the filing of this Complaint.

70. As a result of these willful violations of K.S.A. 44-315, wages and overtime compensation have been unlawfully withheld by Defendant from Plaintiff and other similarly situated employees in the State of Kansas for which Defendant is liable pursuant to K.S.A. 44-324, together with an additional equal amount as interest, pre-judgment and post-judgment interest, and costs of this action.

**WHEREFORE**, Plaintiff, individually and on behalf of the class of individuals whom she represents, and all similarly situated employees, demand judgment against Defendant and pray for: (1) compensatory damages; (2) interest; (3) and costs as allowed by K.S.A. 44-324; (4) for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

## COUNT IV – QUANTUM MERUIT

71. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 70 of this Complaint as though fully set forth herein.

72. At Defendant's request, Plaintiff and other similarly situated employees provided services in the form of work for Defendant. These services had reasonable value and were performed at an hourly rate.

73. Plaintiff and other similarly situated employees regularly worked off the clock, both before and after their recorded eight-hour shifts, without being compensated

> for this time.

74. Defendant failed to compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendant's behalf.

**WHEREFORE**, Plaintiff, individually and on behalf of the class of individuals whom she represents, prays for judgment against Defendant on Count IV of the Complaint; for an award of compensatory damages and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT V – BREACH OF CONTRACT

75. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 74 of this Complaint as though fully set forth herein.

76. An employment agreement existed between the Plaintiff and Defendant and a similar employment agreement existed between each similarly situated employee and Defendant, the terms and conditions of which included a requirement for employees to perform services for Defendant and an agreement by Defendant to pay Plaintiff and other similarly situated employees at an agreed hourly rate for all work performed.

77. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff and other similarly situated employees have performed all conditions precedent, if any, required of Plaintiff and other similarly situated employees under their employment agreements.

78. Defendant failed and refused to perform its obligations in accordance with the terms and conditions of its employment agreements by failing to compensate

Plaintiff and other similarly situated employees for all time worked on behalf of Defendant.

79. Plaintiff and other similarly situated employees were thereby damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, individually and on behalf of the class of individuals whom she represents, prays for judgment against Defendant on Count V of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed representative action have a right to jury trial.

## Designation of Place of Trial

Plaintiff hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

PAULUS LAW FIRM, LLC                THE MEYERS LAW FIRM, LC

By:  /s/ Ryan M. Paulus              By:    /s/ Martin M. Meyers
   Ryan M. Paulus                        Martin M. Meyers
   8640 N. Green Hills Road, Suite 42    222 West Gregory, Suite 340
   Kansas City, MO 64154                 Kansas City, MO 64114

{174152.DOCX }

| | |
|---|---|
| THE KLAMANN LAW FIRM | WHITE, ALLINDER, GRAHAM, BUCKLEY & CARR LLC |
| By:   /s/ John M. Klamann<br>John M. Klamann<br>Andrew J. Schermerhorn<br>929 Walnut Street, Suite #800<br>Kansas City, MO 64106 | By:   /s/ Gene P. Graham, Jr.<br>Gene P. Graham, Jr.<br>Deborah J. Blakely<br>19049 E. Valley View Pkwy, Suite C<br>Independence, MO 64055 |
| **WILLIAMS LAW, LLC** | **THE HODGSON LAW FIRM, L.L.C.** |
| */s/ Michael Williams*<br>Michael Williams KS # 19124<br>1100 Main St. Suite 2600<br>Kansas City, MO 64105<br>Tel: 816.879.2600 | */s/ Michael Hodgson*<br>Michael Hodgson KS # 21331<br>11605 W. 116th St.<br>Overland Park, KS 66210<br>Tel: (913) 890-3529 |

## CERTIFICATE OF SERVICE

I certify that on this 1st day of March, 2012, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing via operation of the Court's electronic filing system upon all counsel of record.

/s/ Michael A. Williams
Michael Williams
ATTORNEY FOR PLAINTIFF

{174152.DOCX }