## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNIFER TOMMEY, individually, and on
behalf of a class of others similarly situated,

*Plaintiffs,*

vs.

COMPUTER SCIENCES CORPORATION,

*Defendant.*

Case No. 11-cv-02214-EFM-GLR

## MEMORANDUM AND ORDER

Plaintiff Jennifer Tommey is a former employee of Defendant Computer Sciences Corporation.  Tommey filed this suit on behalf of herself and others similarly situated alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act.  She also alleges common law claims of unjust enrichment, quantum meruit, and breach of contract.  This matter is before the Court on Defendant's motion to dismiss Plaintiff's common law claims (Doc. 43).  For the following reasons, the Court grants in part and denies in part Defendant's motion.

### I.     Factual and Procedural Background

Plaintiff Jennifer Tommey is a former call center employee of Defendant.  Plaintiff alleges that Defendant predominantly provides IT services in systems integration and professional services; enterprise application development and management; application software

-1-

for the financial services industry; business process outsourcing; managed hosting services; and application and IT infrastructure outsourcing.  Plaintiff also alleges that Defendant serves Fortune Global 1000 companies in fifteen industries and national and local governments.

On March 3, 2012, Plaintiff filed her Second Amended Complaint (Doc. 39) (the "Complaint").  Plaintiff alleges that she was required to work at Defendant's Overland Park, Kansas, facility without receiving her full wages due.  Specifically, Plaintiff claims that she was required to perform pre-shift and post-shift activities and work through breaks without receiving any compensation.  The Complaint asserts five claims: violation of the FLSA (Count I); unjust enrichment (Count II); violation of the Kansas Wage Payment Act (Count III); quantum meruit (Count IV); and breach of contract (Count V).  Plaintiff brings these claims on behalf of herself and others similarly situated as a purported collective and class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

Defendant filed a motion to dismiss Plaintiff's quantum meruit, unjust enrichment, and breach of contract claims on the basis that they are duplicative of or preempted by Plaintiff's FLSA claim.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[1]   "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this

---

[1]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]   "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[3]   In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[4]   All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[5]   Allegations that merely state legal conclusions, however, need not be accepted as true.[6]

### III.   Analysis

### A.   Plaintiff's Unjust Enrichment and Quantum Meruit Claims

Defendant contends that Plaintiff's claims for unjust enrichment and quantum meruit are based on the same factual premises supporting Plaintiff's FLSA claim, and therefore, are duplicative or preempted by the FLSA claim.  The Tenth Circuit Court of Appeals has held that wrongful discharge claims that seek to enforce the defined remedies of the FLSA are preempted.[7]   However, neither the Tenth Circuit nor this Court has explicitly addressed whether state law claims of unjust enrichment or quantum meruit are automatically preempted by the FLSA.

---

[2]   *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]   *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[4]   *Iqbal*, 556 U.S. at 678.

[5]   *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6]   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]   *See Connor v. Schnuck Markets, Inc*., 121 F.3d 1390, 1399 (10th Cir. 1997) (finding a retaliatory discharge claim preempted by an FLSA claim).

Defendant relies on *Anderson v. Sara Lee Corporation*[8] and a number of federal district court cases for the proposition that "where a state law claim is based upon the same facts as the FLSA cause of action, the duplicative state law claim is preempted by the FLSA and must be dismissed."[9]   While *Anderson* and the other cases cited by Defendant do stand for this proposition, Plaintiff asserts that her unjust enrichment and quantum meruit claims seek more than what the FLSA can provide and thus are not duplicative or preempted by the FLSA claim. Plaintiff argues that she is seeking "gap time" wages—wages for fewer than forty hours per week at a rate greater than the minimum wage—which are not recoverable under the FLSA. Plaintiff's recovery of such "gap time" wages is premised on the notion that an employer is not liable under the FLSA "as long as the overall earnings for the non-overtime workweek in which the gap time hours worked equal or exceeded the amount due at the FLSA minimum wage for all hours worked in that week, including gap time hours."[10]

Courts have allowed a claim for unjust enrichment or quantum meruit to proceed when the claim seeks something more than what the FLSA can provide—such as regular wages not paid at the contracted rate or "gap time" wages. [11]   In this case, the Court finds that Plaintiff's claim for quantum meruit contains sufficient factual matter to encompass her assertion that she is seeking to recover unpaid "gap time" wages.  Plaintiff's claim for quantum meruit states:

[8]   508 F.3d 181 (4th Cir. 2007).

[9]   Defendant's Memorandum in Support of Its Mtn. to Dismiss, Doc. 44, p. 3.

[10]   WH Admin. Op. 2004-14 (Oct. 8, 2004).

[11]   *Sanchez v. Haltz Construction, Inc.*, 2012 WL 13514, *8 (N.D. Ill. Jan. 4, 2012) (citing *Nicholson v. UTi Worldwide, Inc.*, 2010 WL 551551, at *5 (S.D. Ill. Feb. 12, 2010)); *Osby v. Citigroup, Inc.*, 2008 WL 2074102, *2 (W.D. Mo. May 14, 2008).

72.   At Defendant's request, Plaintiff and other similarly situated employees provided services in the form of work for Defendant.  These services had a reasonable value and were performed at an hourly rate.
73.   Plaintiff and other similarly situated employees worked off the clock, both before and after their recorded eight-hour shifts, without being compensated for this time.
74.   Defendant failed to compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendant's behalf.[12]

Because Plaintiff alleges that she and other similarly situated employees performed services at an hourly rate and that Defendant did not fully compensate them for their work, her claim that they are seeking to recover more than what they are entitled to under the FLSA is consistent with the Complaint.  However, the Court limits Plaintiff's quantum meruit claim solely to the recovery of gap time wages.  Plaintiff's claim is dismissed to the extent she seeks to recover overtime wages pursuant to this claim.

With respect to Plaintiff's unjust enrichment claim, the Court finds that the allegations contained in this claim are duplicative of Plaintiff's FLSA claim and therefore preempted by Plaintiff's FLSA claim.  The claim merely states that "Defendant has been and is being unjustly enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work"[13] and that "Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week."[14]  These allegations do not mention "gap time" or that Plaintiff was promised any particular wage for the work she performed.  Moreover, Kansas law does not recognize a material distinction between the legal theories of unjust

---

[12]   Second Amended Complaint, Doc. 39, p. 18-19.

[13]   *Id*. at p. 14.

[14]   *Id*.

enrichment and quantum meruit.[15]   Therefore, any recovery that Plaintiff receives under the

unjust enrichment claim would be duplicative of the recovery received under the quantum meruit

claim.   Accordingly, the Court grants Defendant's motion with respect to Plaintiff's unjust

enrichment claim.

### B.        Plaintiff's Breach of Contract Claim

Defendant also asserts that Plaintiff's breach of contract claim is duplicative of or

preempted by the FLSA claim.  In *Hammond v. Lowe's Home Centers, Inc.*,[16] this Court held

that "an employer may establish contractual rights to overtime or other payments that exceed the

FLSA's mandate . . . and an employer may be liable for breach of contract if a plaintiff

establishes a right to such a payment in a contract independent of the FLSA."[17]  The Court found

that because the plaintiffs sought payment for unpaid wages for five years preceding the filing of

the complaint, and thus, in excess of the two and three year FLSA limitation periods in 29 U.S.C.

§ 255(a), the plaintiffs' claim for breach of contract supplemented their rights under the FLSA.[18]

In this case, Plaintiff alleges that an employment agreement existed between Plaintiff and

Defendant and between Defendant and each similarly situated employee that required employees

to perform services and for Defendant to pay those employees "at an agreed hourly rate for all

work performed."[19]  The Court finds these allegations sufficient to support a claim for breach of

contract.  Although the Complaint does not specify the agreed hourly rate, if that rate exceeds the

---

[15]    *See Kephart v. DataSys. Int'l, Inc*., 243 F. Supp. 2d 1205, 1231 (D. Kan. 2003) ("Kansas courts interchangeably use the terms quantum meruit and unjust enrichment").

[16]    316 F. Supp. 2d 975 (D. Kan. 2004).

[17]    *Id*. at 979 (citing *Avery v. City of Talladega*, 24 F.3d 1337, 1348 (11th Cir. 1994)).

[18]    *Id*.

[19]    Second Amended Complaint, Doc. 39, p. 17.

time and a half requirement of the FLSA, Plaintiff's claim provides a right to payment independent of the FLSA.  While additional discovery may reveal that Plaintiff's breach of contract claim is duplicative of the FLSA claim, the Court cannot reach that conclusion at this time.

Furthermore, Plaintiffs define the Rule 23 class as "all current and former non-exempt employees who were employed by Defendant during the past five years and who performed work without proper compensation."  Like the plaintiffs in *Hammond*, at least some of the class members in this case seek wages in excess of the two and three year FLSA limitation periods under 29 U.S.C. § 255(a).  Therefore, the breach of contract claim supplements the class members' rights under the FLSA.  Accordingly, Defendant's motion to dismiss Plaintiff's breach of contract claim is denied.

**IT IS ACCORDINGLY ORDERED** this 13th day of March 2013, that Defendant's Motion to Dismiss Counts II, IV, and V of Plaintiff's Second Amended Complaint (Doc. 43) is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT COURT