IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER TOMMEY, individually, and on
behalf of a class of others similarly situated,

*Plaintiffs,*

vs.

Case No. 11-cv-02214-EFM-GLR

COMPUTER SCIENCES CORPORATION,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Computer Sciences Corporation's Motion to Dismiss Plaintiff Jennifer Tommey, to Remove Her as Class Representative, and to Prohibit the Class Notice from Naming Tommey as Class Representative (Doc. 91) as well as Plaintiff's Cross Motion for Equitable Tolling (Doc. 95). For the reasons set forth below, the Court denies both motions before it.

**I. Procedural Background**

This case arises from Defendant's alleged failure to compensate Plaintiff Tommey and other similarly situated employees for work they were required to perform before and after their shifts and during breaks. Plaintiff filed her Second Amended Complaint on March 3, 2012, asserting claims for violation of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act, unjust enrichment, quantum meruit, and breach of contract. On August 6, 2012,

Plaintiff filed a motion to conditionally certify a collective action under the FLSA. Plaintiff's motion requested that the Court certify the following class: "all current and former employees in Computer Science Corporation's Overland Park, Kansas, facility with a position/title of CSR and/or customer service representative who performed pre-shift and/or post-shift work without compensation or who were required to work during unpaid breaks at any time during the past three (3) years."[1] That motion became fully briefed on September 18, 2012. On March 27, 2013, the Court granted Plaintiff's motion for conditional certification and certified the class proposed by Plaintiff in her motion.

Because the class definition is limited to employees who worked "during the past three years," Defendant asserts that the class only includes employees who worked as CSRs after March 27, 2010; i.e., during the past three years as measured from the Court's order for conditional certification. Because named-plaintiff Tommey only worked for Defendant as a CSR until December 2009, when she transferred to a position in accounting, and was therefore not a CSR after March 27, 2010, Defendant asserts that Tommey is not a member of the class and thus unable to adequately represent its interests. In response, Plaintiff seeks to equitably toll the statute of limitations.

## II. Analysis

Defendant contends that because Tommey is not a member of the conditionally certified class, she should be dismissed from the case, removed as class representative, and excluded from the class notice. In response, Plaintiff moves the Court for an Order equitably tolling the statute of limitations from August 6, 2012—the date Plaintiff filed her motion for conditional

---

[1] Plaintiff's Motion for Conditional Certification, Doc. 63, p. 1.

certification—to March 27, 2013—the date the Court granted it. Plaintiff argues that tolling the statute of limitations effectively extends the class period to a period of time during which Tommey worked for as Defendant as a CSR.

A. **Plaintiff's Cross Motion for Equitable Tolling (Doc. 95)**

Plaintiff asks the Court to equitably toll the statute of limitations for approximately an eight month time span—from August 6, 2012, to March 27, 2013. Plaintiff argues that it is unfair to deny her claims and those of the class because of the amount of time that passed between when she initially sought collective relief and when the Court granted it to her. Defendants oppose Plaintiff's motion arguing, among other points, that equitable tolling is not appropriate because Plaintiff has not shown active deception.

The statute of limitations for actions to recover overtime pay under the FLSA is two years or three years if the violation is "willful."[2] The limitations period for an opt-in plaintiff continues to run until the plaintiff files a written consent to join the action.[3] "Equitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity. This equitable tolling doctrine is read into every statute, including the FLSA."[4] "Equitable tolling excuses a plaintiff's untimely filing of a federal claim when the court determines that Congress intended that the plaintiff's federal rights should be enforced, despite his untimely filing."[5] The decision to invoke equitable tolling lies exclusively within the sound

---

[2] 29 U.S.C. § 255(a).

[3] *See* 29 U.S.C. § 256(b).

[4] *Stransky v. HealthOne of Denver, Inc.*, 2012 WL 2190843, at *2 (D. Colo. June 14, 2012) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)); *U.S. v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999)).

[5] *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1058 (10th Cir. 2006) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)).

discretion of the trial court.[6] The United States Supreme Court has stated that the doctrine should be used rarely or sparingly.[7]

The Tenth Circuit has not addressed equitable tolling in an FLSA case. But, it has generally observed that: "Equitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights . . . .' "[8] Neither of these circumstances is applicable here. Plaintiff has not alleged any facts showing that Defendant actively mislead her or any of the other putative plaintiffs regarding their claims in this case. Furthermore, as another judge in this District found in *Greenstein v. Meredith Corporation*,[9] the mere delay in deciding a motion for conditional certification is not an "extraordinary circumstance" warranting the Court to toll the statute of limitations.[10]

In addition, Plaintiff's grounds for tolling do not meet the test employed by judges of this District for equitably tolling the statute of limitations. When analyzing whether to toll the statute of limitations for an FLSA claim, other judges in this District have looked to the following five factors set forth by the Sixth Circuit:

> (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they

---

[6] *Truitt*, 148 F.3d at 648.

[7] *See Wallace v. Kato*, 549 U.S. 384, 396 (2007) (describing the doctrine as "a rare remedy to be applied in unusual circumstances").

[8] *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) (quoting *Carlile v. South Routt Sch. Dist.*, 652 F.2d 981, 985 (10th Cir. 1981)).

[9] 2013 WL 4028732 (D. Kan. Aug. 7, 2013).

[10] *See id.* at *2 (refusing to toll the statute of limitations after eleven month delay); *see also Young v. Dollar Tree Stores, Inc.*, 2013 WL 122613 (D. Colo. March 25, 2013) (refusing to equitably toll the statute of limitations after a ten month delay); *Vargas v. Gen. Nutrition Ctrs., Inc.*, 2012 WL 5336166, at **7-9 (W.D. Pa. Oct. 26, 2012) (refusing to toll the statute of limitations after an eleven month delay).

pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs remaining ignorant of their rights.[11]

These standards do not necessarily address the situation where there is delay in deciding a motion for conditional certification. However, even applying them to this case, the Court concludes that equitable tolling should not be granted. First, the potential plaintiffs had either (1) actual or (2) constructive notice of their claims. Plaintiff's Second Amended Complaint asserts in part that the potential plaintiffs are similarly situated employees that were not compensated for work performed over forty hours per week. Based on these facts, the potential plaintiffs would have been on actual notice of their claims against Defendant at the end of each pay cycle when Defendant did not compensate them for excess hours worked.[12] With respect to the third factor, Plaintiff has not set forth any evidence showing that potential plaintiffs were prevented from diligently pursuing their rights. With respect to the fourth factor, Defendant may face additional claims if the Court orders equitable tolling, but the Court does not find that this would be unduly prejudicial. Plaintiff filed her complaint well in advance of the date she seeks to have the statute of limitations tolled. Finally, the Court is not aware of any reasons for potential plaintiffs to remain ignorant of their rights which should compel equitable tolling. As explained above, the potential plaintiffs in this case were aware of the facts giving rise to Plaintiff's Second Amended

---

[11] *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1107 (D. Kan. 2012) (citing *Archer v. Sullivan Cnty., Tenn.*, 1997 WL 720406, at *3 (6th Cir. Nov. 14, 1997)); *In re Bank of America Wage and Hour Emp't Litig.*, 2010 WL 4180530, at *6 (D. Kan. Oct. 2010); *Smith v. BNSF Ry. Co.*, 246 F.R.D. 652, 654-55 (D. Kan. 2007)).

[12] *See Johnson v. Academy Mortg. Co.*, 2012 WL 3886098, at *2 (D. Utah Sept. 6, 2012) (finding that potential plaintiffs had actual or constructive notice because they were similarly situated employees that received notice that they were not compensated for overtime compensation at the end of each pay cycle when Defendant did not compensate them for excess hours worked); *see also Young*, 2013 WL 1223613, at *2 ("Generally, potential op-in plaintiffs are presumed to be aware of the facts and circumstances of their employment . . . that form the basis of each plaintiff's FLSA claim").

Complaint at the completion of each pay cycle in advance of filing this suit. In fact, two additional plaintiffs opted in to this suit even before the class was conditionally certified. The Court is not persuaded that potential plaintiffs remained ignorant of their rights merely because of the delay in the court approved notice. Thus, weighing the five factors listed above, the Court finds that equitable tolling is not justified in this case.

In support of their motion, Plaintiff relies heavily on two cases from this District in which the court granted equitable tolling—*In re Bank of America Wage and Hour Employment Litigation*[13] and *Pinkston v. Wheatland Enterprises, Inc.*[14] Neither of these cases, however, is instructive to this case. Although the court in *Pinkston* ordered equitable tolling, the defendant in that case did not oppose the plaintiff's request for it.[15] And, in *In re Bank of America*, the court waived the Tenth Circuit's active deception requirement and granted equitable tolling because the case was a complex multi-district litigation suit and because it found that the plaintiffs' counsel had a reasonable belief that a previous order tolled the limitations period through the notice phase.[16] These circumstances are not present here. Plaintiff's only basis for arguing that equitable tolling is appropriate is the Court's delay in deciding its motion for conditional certification. Furthermore, as the court noted in *Greenstein*, in this district, when a

---

[13] 2010 WL 4180530 (D. Kan. Oct. 20, 2010).

[14] 2013 WL 1191207 (D. Kan. Mar. 22, 2013).

[15] *Pinkston*, 2013 WL 1191207, at *5.

[16] *In re Bank of America*, 2010 WL 4180530, at *5.

request for equitable tolling is contested, judges have denied the request more than they have granted it.[17]

In conclusion, the Court declines to equitably toll the statute of limitations in this case. From the date Plaintiff's motion for conditional certification was fully briefed to the date the Court granted it, approximately six months elapsed. Contrary to Plaintiff's argument, this delay was not extensive given the number of cases on the Court's docket and the fact that all motions require time for the Court to consider them. A six month delay by the Court in deciding a motion is not, on its own, enough to warrant equitable tolling. Accordingly, Plaintiff's cross-motion is denied.

**B. Defendant's Motion to Dismiss Plaintiff Tommey, Remove Her as Class Representative, and Prohibit the Class Notice from Naming Her as Class Representative (Doc. 91)**

On March 27, 2013, the Court conditionally certified a class of "all current and former employees in Computer Sciences Corporation's Overland Park, Kansas, facility with position/title of CSR and/or customer service representative who performed pre-shift and/or post-shift work without compensation or who were required to work during unpaid breaks at any time during the past three (3) years."[18] Defendant argues that the phrase "during the past three years" dates back from the date of the Court's Order granting conditional certification and thus only includes employees who worked as CSRs from March 27, 2010, to March 27, 2013. Plaintiff contends that because Tommey transferred from her position as a CSR to a position

---

[17] *Greenstein*, 2013 WL 4028732, at *6 (citing *Smith v. BNSF Ry. Co.*, 246 F.R.D. 652 (D. Kan. 2007); *Allen v. Mill-Tel, Inc.*, 2012 WL 2872160, at *8 (D. Kan. July 12, 2012); *Pegues v. CareCentrix, Inc.*, 2013 WL 1896994, at *5 (D. Kan. May 6, 2013)).

[18] Memorandum and Order, Doc. 89, p. 14.

within accounting as of December 2009, she is not a member of the conditionally certified class, should be dismissed from this case, and removed as class representative. The Court disagrees.

The Court finds the phrase "during the past three years" in the class definition to be somewhat ambiguous because it does not define when the three year period begins. Therefore, the Court interprets this language in accordance with 29 U.S.C. § 256. Under that statute, an action is commenced in the case of any individual claimant (1) "on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought;" or (2) "if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed . . . ."[19] Plaintiff initially filed her complaint on April 14, 2011. She did not file her written consent until June 1, 2011. Therefore, her statute of limitations tolled on June 1, 2011, and the Court must look back three years from that date to determine whether she is a member of the conditionally certified class. The evidence submitted by Tommey in support of her motion for conditional certification shows that Defendant employed Tommey as a CSR who was required to perform pre-shift and post-shift work without compensation and work during unpaid breaks at some point between June 1, 2008, and June 1, 2011. Tommey is therefore a member of the conditionally certified class. Defendant's motion to dismiss Plaintiff Tommey from the case, remove her as class representative, and exclude her from the class notice is denied.

---

[19] 29 U.S.C. § 256.

**IT IS ACCORDINGLY ORDERED** this 8th day of January 2014, that Defendant's Motion to Dismiss Plaintiff Jennifer Tommey, to Remove Her as Class Representative, and to Prohibit the Class Notice from naming Plaintiff Tommey as Class Representative (Doc. 91) is hereby **DENIED**.

**IT IS FURTHER ORDERED** this 8th day of January 2014, that Plaintiff's Cross Motion for Equitable Tolling (Doc. 95) is **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE