## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNIFER TOMMEY, individually, and on behalf of a class of all others similarly situated,
    *Plaintiffs,*

vs.

COMPUTER SCIENCES CORPORATION,

    *Defendant.*

Case No. 11-CV-02214-EFM

## MEMORANDUM AND ORDER

Plaintiff Jennifer Tommey brings suit against Computer Sciences Corporation, on behalf of herself and others similarly situated, seeking unpaid overtime and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. There is no motion pending before the Court. However, the parties have submitted for the Court's approval a Settlement Agreement and Release (the "Settlement Agreement") and a proposed Order Granting Approval of FLSA Settlement (the "Order"). As explained below, these documents do not provide sufficient information for the Court to scrutinize the settlement for fairness, and the parties must submit additional information before the Court can approve the settlement.

## I.     Legal Standard

A settlement of claims under the FLSA must be presented to the Court for review and determination of whether the settlement is fair and reasonable.[1] To approve an FLSA settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned."[2] The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness.[3] The settlement agreement must also contain an award of attorneys' fees.[4] Furthermore, when parties settle FLSA claims before the Court has made a final certification ruling, the Court must make some final class certification finding before it can approve a collective action settlement.[5]

## II.     Analysis

### A.     Notice of Settlement to Class Members and Opportunity to Object

The parties have not requested a fairness hearing on the settlement of Plaintiff's claims. Section 216(b) of the FLSA does not require a fairness hearing like that required for settlements of class actions brought under Fed. R. Civ. P. 23.[6] However, when a hearing is not requested, the plaintiff, at the very least, must notify the court that the opt-in plaintiffs had notice of the

---

[1] *See, e.g., Peterson v. Mortg. Sources Corp.*, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[2] *Id.* (citations omitted).

[3] *Id.*

[4] *Id.*; *see* 29 U.S.C. § 216(b).

[5] *McCaffrey v. Mortg. Sources Corp.*, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011).

[6] *Goldsby v. Renosol Seating, LLC*, 2013 WL 6535253, at *10 (S.D. Ala. Dec. 13, 2013); *Moore v. Ackerman*, 2009 WL 2848858, at *2 (N.D. Iowa, Sept. 1, 2009).

settlement and an opportunity to object.[7] Here, neither the Settlement Agreement nor the Order states whether opt-in Plaintiffs were notified of the settlement and given an opportunity to object. Therefore, the Court finds that notice of the settlement and an opportunity to file a written objection should be provided as to all opt-in Plaintiffs. The Court cannot approve the settlement until the parties inform it that such action has been taken.

### B.     Final Collective Action Certification

Although the Court has conditionally certified a collective action for purposes of providing notice, the Court has not made a final collective action determination in this case. "When parties settle FLSA claims before the Court has made a final certification ruling, the court must make some final class certification finding before it can approve a collective action settlement."[8] Here, the parties appear to ignore this issue and do not address it in either the Settlement Agreement or the proposed Order. Therefore, the parties are required to provide information regarding whether plaintiffs are "similarly situated" for purposes of final collective action certification before the Court will approve the settlement.[9]

### C.     Proposed Settlement

Even if the Court had already determined that the case should proceed as a collective action, the parties have not provided sufficient information for the Court to approve the proposed

---

[7] *Goldsby*, 2013 WL 6535253, at *10 (referring to *Moore*, 2009 WL 2848858, at *2, where the court found a fairness hearing is not required but approved the settlement after finding that a substantial majority of the opt-in plaintiffs had responded to the proposed settlement and those responding approved of it).

[8] *McCaffrey*, 2011 WL 32436, at *3 (citations omitted).

[9] *See Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (stating that at the conclusion of discovery, the court makes a second collective active determination using a stricter standard of "similarly situated").

settlement. To approve an FLSA settlement, the court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties.[10]

### 1. Bona Fide Dispute

The parties requesting review of an FLSA settlement must provide enough information for the court to determine whether a bona fide dispute exists.[11] To meet this obligation, the parties should provide the following:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation [*19] of hours worked or rate of pay);
>
> (2) a description of the employer's business and the type of work performed by the employees;
>
> (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime;
>
> (4) the employees' justification for the disputed wages; and
>
> (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.[12]

The parties' Order is silent regarding the existence of a bona fide dispute, but the Settlement Agreement states in one sentence that there is a bona fide dispute regarding the amount of overtime Defendants owe to Plaintiff and the class members. The Court cannot determine from this sentence whether the proposed settlement resolves a bona fide dispute under the FLSA. To the extent possible, the parties should provide the information listed above for the Court's review.

---

[10] *See Lynn's Food Stores*, 679 F.2d at 1354.

[11] *McCaffrey*, 2011 WL 32436, at *4 (citations omitted).

[12] *Id.*

### 2. Fair and Reasonable

To determine whether a proposed settlement under § 216(b) is fair and equitable to the parties, courts regularly look at the fairness factors that apply to a proposed class action settlement under Rule 23(e). These include (1) whether the proposed settlement has been fairly and honestly negotiated, (2) whether serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation, and (4) the judgment of the parties that the settlement is fair and reasonable.[13]

In the proposed Order, the parties assert that the settlement is fair and reasonable. However, the parties make no assertions and provide no information regarding any of the four factors listed above. The limited information offered is simply not enough for the Court to determine if the settlement is fair and reasonable to all parties.

### D. Proposed Incentive Fee

The Court is required to examine any enhancement payment to the class representative to determine whether that person "has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members."[14] The Settlement Agreement states that named Plaintiff Jennifer Tommey will receive an award of $5,000.00 from the settlement fund for recognition of her service as class representative, for litigating the matter for more than twenty-four months, and for providing sworn testimony for the benefit of the class.

---

[13] *Gambrell v. Weber Carpet, Inc*., 2012 WL 162403, at *3 (D. Kan. Apr. 17, 2013) (citations omitted).

[14] *Peterson*, 2011 WL 3793963, at *4.

The parties have provided little information as to Plaintiff Tommey's involvement in the case. Although they indicate that she provided sworn testimony, they do not state the number of hours that she testified for or how many hours she invested in the case. Furthermore, while the litigation did span more than two years, the record is void of any filings by either party from January 2014 to September 2014 except four consent to join forms filed by opt-in plaintiffs. Without additional information, the Court cannot determine if Plaintiff Tommey's enhancement payment is fair and reasonable.

**E.       Attorneys' Fees**

The Settlement Agreement provides that class counsel will receive fees in the amount of twenty-seven percent of the total settlement amount plus reasonable expenses and costs. It further states that $26,400 will be paid as attorneys' fees and $3,600.00 will be paid for costs and expenses. With regard to attorneys' fees, the Tenth Circuit applies a hybrid approach that combines the percentage fee method with the specific factors traditionally used to calculate the lodestar.[15] The percentage reflected in a common fund award must be reasonable, and the district court must articulate specific reasons for fee awards demonstrating the reasonableness of the percentage.[16] Here, the parties have not provided any information regarding time spent or a reasonable hourly rate for each attorney. Thus, the Court cannot determine if the amount of proposed attorneys' fees is reasonable.

---

[15] *McCaffrey*, 2011 WL 32436, at * 5 (citing *Perdue v. Kenny*, 559 U.S. 542, 551 (2010) (stating that the lodestar method looks to prevailing market rates in the community and roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case)).

[16] *Id*.

**IT IS THEREFORE ORDERED** that the Court cannot approve the parties' settlement under § 216(b) of the FLSA.  Should the parties wish to resubmit their settlement to the Court, they must do so either in a joint or unopposed motion to approve the settlement, and such motion should contain sufficient information, as set forth herein, for the Court to scrutinize the settlement.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE